LEXMONT CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37759. Promulgated April 27, 1953.

*Jesse B. Spiller* (an officer), for the petitioner.
*Robert Margolis, Esq.*, for the respondent.

## OPINION.

ARUNDELL, *Judge:* The basic question is whether the deductions claimed by the petitioner corporation, an accrual basis taxpayer, for interest accrued during the taxable years but not paid at any time on promissory notes owing to a trust are disallowed by section 24 (c), Internal Revenue Code.[1] The trust was created for legitimate testamentary purposes and no question of bona fides is raised by the respondent, nor does the respondent raise any question as to whether the notes represented an equity interest rather than a loan.

Section 24 (c) provides that no deduction shall be allowed under section 23 (b)[2] on interest accrued if all three conditions specified in section 24 (c) are present. The parties agree that the first two conditions in section 24 (c) are present. The interest was never paid and the person to whom it is to be paid, namely, a trust, reports its income by the cash method of accounting. The parties are at issue as to the third condition which is that both the taxpayer and the person to whom the payment is to be made are persons between whom losses on sales or exchanges of property would be disallowed under section

---

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

\*      \*      \*      \*      \*      \*      \*

(c) UNPAID EXPENSES AND INTEREST.—In computing net income no deduction shall be allowed under section 23 (a), relating to expenses incurred, or under section 23 (b), relating to interest accrued—

(1) If such expenses or interest are not paid within the taxable year or within two and one-half months after the close thereof; and

(2) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and

(3) If, at the close of the taxable year of the taxpayer or at any time within two and one-half months thereafter, both the taxpayer and the person to whom the payment is to be made are persons between whom losses would be disallowed under section 24 (b).

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

\*      \*      \*      \*      \*      \*      \*

(b) INTEREST.—All interest paid or accrued within the taxable year on indebtedness \* \* \*.

24 (b).³ Therefore, the ultimate issue is the interpretation of section 24 (b).

Section 24 (b) enumerates several persons between whom "losses from sales or exchanges of property, directly or indirectly," are disallowed but nowhere refers to transactions between a trust and a corporation. Nevertheless, the respondent contends that the relationship set forth in subparagraph (B) of section 24 (b) (1) is present here. Subparagraph (B) provides for a disallowance of losses where the sale or exchange is between an "individual" and a corporation more than 50 per cent in value of the outstanding stock of which is owned, directly or indirectly, by or for such "individual." The respondent contends a trust is an individual within the meaning of this provision. The trust owns all of the capital stock of the petitioner corporation.

This very issue has recently been decided by this Court in *John A. Snively, Sr.*, 20 T. C. 136, where we held that a trust was not an individual within the meaning of section 24(b)(1)(B), and that a loss incurred by a corporation on a sale to a trust, the beneficiaries of which were the children of the owner of approximately 94 per cent of the stock of the corporation, was allowable as a loss deduction to the corporation. On the authority of *John A. Snively, Sr.*, *supra*, and for reasons set forth therein, we hold that the testamentary trust in question was not an individual within the meaning of section 24(b)(1)(B). Therefore, the interest accrued and unpaid on the sums due to this trust by the petitioner corporation is not disallowed by section 24(c) and is allowed by section 23(b).

---

³ SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

\*     \*     \*     ‹‹     \*     \*     \*

(b) LOSSES FROM SALES OR EXCHANGES OF PROPERTY.—

(1) LOSSES DISALLOWED.—In computing net income no deduction shall in any case be allowed in respect of losses from sales or exchanges of property, directly or indirectly—

(A) Between members of a family, as defined in paragraph (2) (D);

(B) Except in the case of distributions in liquidation, between an individual and a corporation more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual;

(C) Except in the case of distributions in liquidation, between two corporations more than 50 per centum in value of the outstanding stock of which is owned, directly or indirectly, by or for the same individual, if either one of such corporations, with respect to the taxable year of the corporation preceding the date of the sale or exchange was, under the law applicable to such taxable year, a personal holding company or a foreign personal holding company;

(D) Between a grantor and a fiduciary of any trust;

(E) Between the fiduciary of a trust and the fiduciary of another trust, if the same person is a grantor with respect to each trust; or

(F) Between a fiduciary of a trust and a beneficiary of such trust.

(2) STOCK OWNERSHIP, FAMILY, AND PARTNERSHIP RULE.—For the purpose of determining, in applying paragraph (1), the ownership of stock—

(A) Stock owned, directly, or indirectly, by or for a corporation, partnership, estate, or trust, shall be considered as being owned proportionately by or for its shareholders, partners, or beneficiaries;

The second issue is the extent to which the petitioner must include in its taxable income for 1946 the sum of $19,687.44, representing a refund received in 1946 for New York City real estate taxes paid for the years 1934 through 1945. The amount of the refund attributable to each year is set forth in our Findings of Fact.

Section 22 (b) (12) provides that there shall not be included in gross income and there shall be exempt from income taxation "Income attributable to the recovery during the taxable year of a * * * prior tax * * * to the extent of the amount of the recovery exclusion with respect to such * * * tax * * *." Paragraph (12) defines a "prior tax" as a "tax on account of which a deduction or credit was allowed for a prior taxable year." As set forth in our Findings of Fact, these real estate taxes had accrued [4] and were deducted and allowed in full for the taxable years 1934 through 1945.

In addition, paragraph (12) defines "recovery exclusion" as "the amount * * * of the deductions * * * allowed, on account of such * * * prior tax * * * which did not result in a reduction of the taxpayer's" income tax. Therefore, the sum refunded in 1946 is includible in the petitioner's 1946 income and subject to income tax to the extent of the amount of the deduction for these taxes which resulted in an income tax benefit to the petitioner in the prior years. This amount will be determined under a Rule 50 computation.

We find no merit in the petitioner's contention that since the years 1944 and 1945 are open and in issue in this proceeding, the income for those years can be recomputed by reducing the deduction taken in those years by the amount of the refund applicable to them. It is now well settled that taxes are deductible in the year the liability accrued and events occurring in subsequent years do not permit the reopening of the prior years and the adjusting of the deductions. *Security Flour Mills Co.* v. *Commissioner*, 321 U. S. 281, *Taylor Instrument Companies*, 14 T. C. 388, and cases cited therein.

Finally, the issue of the deductions in the taxable years 1944 and 1945 for net operating losses is dependent on the allowance of the interest deductions as set forth above. The facts relative to the net operating loss deductions were stipulated and set forth in our Findings of Fact. The matter may be determined under a Rule 50 computation.

*Decision will be entered under Rule 50.*

---

[4] The parties have stipulated that the sums claimed and allowed as deductions represented taxes that had accrued during the respective years. The record does not show the basis of the refunds but there is nothing to indicate that they were due to miscalculations or to errors by the petitioner.